George Starke, J.
While in the process of taking the examination of a defendant, to expedite the examination, plaintiff requested the appointment of a referee to supervise the disclosure proceedings pursuant to CPLR 3104. Because of the 11 bitterly contested1 ’ proceedings and ‘ ‘ extensive motion practice including appeals ’ ’, a Referee was appointed. Apparently the parties did not enter into any stipulation as to who should pay the expense. It is obvious that defendant did not consent to bear any portion of the Referee’s fees and expenses of an examination before trial to be taken of him by the plaintiff.
*219 Plaintiff now moves, upon conclusion of the examination, that the court direct the individual defendant (Moskowitz) to pay the Referee’s expenses and fees pursuant to CPLR 3104 (subd. [e]).
Reliance thereon is misplaced for CPLR 3104 (subd. [e]) provides for the payment of the 88 reasonable expenses of the referee ” but it has no application to the fees of the Referee. Furthermore, this section does not apply to depositions taken within the city. Weinstein-Korn-Miller (N. Y. Civ. Prac.) annotate CPLR 3104 (subd. [e]) with the comment that this section authorizes the court to direct payment of a Referee’s expenses “if the referee is to supervise depositions taken outside the city” (italics supplied). In short, while CPLR 3104 affords a method of supervision of disclosure it makes no provision for the payment of the fees of a Referee appointed by the court.
The issue posed, then is, as aptly phrased by the movant: “ The only issue presently before this court concerns the payment of the fees of the Referee appointed by this court to supervise defendant’s deposition.” In sum: 88 Who pays the Referee and when? ”
Where a Referee is selected by stipulation between the parties, CPLR 3104 (subd. [b]) provides that the stipulation is to provide for the Referee’s fees to be taxed as disbursements.
Where a reference is had and the Referee is required to report there is a statutory provision for the payment of fees. While the fee of a Referee selected by stipulation is taxed as disbursements (CPLR 3104, subd. [b]), the fees of a Referee to report are taxed as costs (CPLR 4321).
Here there was no reference to report. The reference was to pass upon all rulings during the depositions of the parties and discovery proceedings and to pass on any motions related thereto ” (order of Mr. Justice Spiegel dated Jan. 7,1970). The fixation of the Referee’s compensation is by the terms of the aforesaid order reserved unto the court who appointed the Referee and shall be fixed at the conclusion of his duties. And that brings us back to the sole issue before this court: "Who is to pay the referee and when is he to be paid? ”
CPLR 8301 (subd. [a], par. 1) provides that a party entitled to costs may tax as a disbursement 8 8 the legal fees of 8 8 8 referees ”, The 88 legal fees ” provided by statute (CPLR 8003) to which a 8 8 referee is entitled, for each day spent in the business of the reference,” is 88 twenty-five dollars unless a different compensation is fixed by the court ” (emphasis added).
A Referee should not be required to wait for his fees until the ultimate termination of the action for that may take years. The *220 court will then follow the provisions of CPLR 3116 (subd. [d]) which provides, absent a provision in the order of reference for the payment of fees, that “ the party taking the deposition shall bear the expense thereof.” (Italics supplied.) Pursuant to CPLR 8301 (subd. [d]) the court upon taxing disbursements may allow to the party incurring the disbursement, the taxation of the Referee’s fees and expenses “ in an amount equal to the reasonable sum actually and necessarily expended therefor ”.
It is, therefore, plaintiff’s obligation to bear the fees and expenses of the Referee. Consequently, plaintiff’s motion to compel the individual defendant to pay the Referee’s fees is denied.
The fixation of the fees and the time for its payment must follow the directions of the order appointing the Referee. The amount to be paid and when it is to be paid is not within the scope of this motion. There appears to be no dispute as to the amount of the fees and expenses due the Referee. The subject of the extent of the Referee’s services and the amount of his fees and expenses is not discussed by either side. Apparently whatever fees and expenses are sought by the referee is not questioned, and it thus appears that he is entitled to recover that which he seeks. This matter cannot be ascertained as the papers are silent on the subject. No statement, affidavit or report of the Referee is submitted, and in the absence thereof that branch of the motion which seeks to confirm the Referee’s report is denied without prejudice to renewal on proper papers which shall include a copy of the Referee’s report or affidavit statement and indicate whether there is any opposition to payment of the amount sought, and in the event of any dispute as to the amount thereof, it will be fixed by Mr. Justice Spiegel in accordance with the order of January 7,1970.